UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TONY ANGIULO, PETER BECERRA, DALE
BRICKWOOD, JEROME CLARKE, FRANK
CORONA, RICHARD CORVINUS, MARK
DELVECCHIO, JOHN DIBLOSI, THOMAS DRAKE,
BRIAN DONOHUE, DENNIS R. GALLEGO, JR.,
ANDREW GRASCIA, MARK HACKETT, IAN
HATCH, ROBERT JACKMAN, ANDREW KUCHTA,
MICHAEL LA ROTONDA, TREVOR LUISO,
THOMAS MORAN, RICHARD MORRA, ARTHUR
MUHAMMAD, EDWARD J. MURPHY, JR., ALDO
NASTASI, JOHN NOONAN, MICHAEL
OCCHICONE, EDWARD O'ROURKE, TERRANCE          **OPINION AND ORDER**
RAYNOR, JUAN RODRIGUEZ, LATHEIA SMITH,
LYDIA VALENTIN, LUIS VELEZ, PETER VELEZ,      11-CV-7823 (CS)
GEORGE MURPHY WHALEN, and JOHN DOES 1-
30, being and intended to be retired Investigators for the
County of Westchester, District Attorney's Office,

                              Plaintiffs,

                   - against -

COUNTY OF WESTCHESTER, and JOHN DOES 1-
10, the names being fictitious and presently unknown,
all of whom are named individually and in their capacity
as agents and/or employees of the County of
Westchester,

                              Defendants.
-----------------------------------------------------------------x

Appearances:
Pat Bonnano
Law Office of Pat Bonanno & Associates, P.C.
Poughkeepsie, New York
*Counsel for Plaintiffs*

Robert F. Meehan
Westchester County Attorney
Sara M. Beaty
Assistant County Attorney
White Plains, New York
*Counsel for Defendants*

Seibel, J.

Before the Court is Defendants' Motion to Dismiss the Instant Action Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11.) For the following reasons, Defendants' Motion is GRANTED.

I. **Background**

For purposes of Defendants' Motion, I accept as true the facts (but not the conclusions) in the Amended Complaint ("AC"), (Doc. 8).

A. Plaintiffs' Allegations

Plaintiffs are or were employed by Defendants as Investigators within the Office of the District Attorney of Westchester County, New York. (AC ¶¶ 3, 10.)[1] Plaintiffs allege that "[w]ithin the last three years while working in the position of Investigator for the Defendants, Plaintiffs have worked in excess of forty hours per week." (*Id.* ¶ 11.) During this time, according to Plaintiffs, "Defendants have failed to provide Plaintiffs with the rights and protections provided under the FLSA [*i.e.*, Fair Labor Standards Act]," (*id.* ¶ 12), by

> permitting Plaintiffs to work on behalf of Defendants before and after their scheduled tour of duty and failing to compensate Plaintiffs for such work activities; failing to pay Plaintiffs overtime compensation; refusing to pay Plaintiffs for work performed during meal periods; failing to include shift differentials when calculating overtime rates of pay; failing to pay out compensatory time when Plaintiffs have left employment with Defendants; improperly designating compensatory time as non-FLSA time; failing to provide FLSA protection to earned compensatory time[;] and requiring Plaintiffs to attend mandatory assignments during off-duty time without compensation.

---

[1] The AC is unclear as to whether the named Plaintiffs all still work for Westchester County. (*See, e.g.*, AC ¶ 3 ("Plaintiffs are, and at all times mentioned herein, have been employed by defendants in the positions of Investigators within the Office of the District Attorney of Westchester County, New York . . . ."); *id.* ¶ 10 ("At all-time [*sic*] material herein, the Plaintiffs have worked within the County of Westchester in the position of Investigator, and certain Investigators retired from that position.").) The AC is certainly devoid of any individualized allegation regarding any Plaintiff's period of employment. John Does 1-30, Plaintiffs added to this action in the AC, are retired. (*Id.* ¶ 9.)

2

(*Id.* ¶ 13.) According to Plaintiffs, this conduct amounts to a willful and intentional violation of the overtime and compensatory time provisions of the FLSA on the parts of the County of Westchester and John Does 1-10. (*See id.* ¶¶ 18-20.)

### B. Procedural Posture

Plaintiffs commenced this action by filing a Complaint on November 2, 2011. (Doc. 1.) A pre-motion conference was held on December 16, 2011, (*see* minute entry dated December 16, 2011), and Plaintiff subsequently filed an AC on January 5, 2012, (Doc. 8). Defendants now move to dismiss the AC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim. (Doc. 11.)

## II. Discussion

### A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determine whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).[2]

B.     Stating a Claim for Violation of FLSA Section 207

Section 207(a), the overtime provision of the FLSA, requires an employer to pay an employee one-and-one-half times the regular hourly rate for all hours worked in excess of forty hours in a week. 29 U.S.C. § 207(a)(1); *see Myers v. Hertz Corp.*, 624 F.3d 537, 543 (2d Cir. 2010). Section 207(o) allows public employers, such as a "political subdivision of a State" like Westchester County, to provide compensatory time off in lieu of overtime compensation, at a rate of one-and-a-half hours for every hour of overtime compensation required. 29 U.S.C. § 207(o)(1); *see Scott v. City of N.Y.*, No. 02-CV-9530, 2008 WL 4949343, at *1 & n.4 (S.D.N.Y. Nov. 19, 2008). To state a claim for violation of these provisions of the FLSA, Plaintiffs must adequately plead that (1) they were employed by Defendants, (2) Defendants are engaged in

---

[2] Plaintiffs quote *Stinnes Interoil Inc. v. Apex Oil Co.*, 604 F. Supp. 978, 979 (S.D.N.Y. 1985), in their brief for the motion to dismiss standard, which itself cites the "no set of facts" formulation derived from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Ps' Mem."), (Doc. 14), 3.) That formulation "has earned its retirement," *Twombly*, 550 U.S. at 563, and has been replaced with the flexible plausibility standard of *Twombly* and *Iqbal*. While Plaintiffs acknowledge *Twombly*, (Ps' Mem. 4), their brief seems to apply and rely on the "no set of facts" formulation, (*see id.* at 3 ("To the extent additional facts must be obtained regarding these claims, those facts may be obtained during the discovery phase of this litigation.")).

4

commerce,[3] and (3) Defendants failed to compensate Plaintiffs appropriately under the FLSA. *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc. (Nakahata II)*, No. 11-CV-6658, 2012 WL 3886555, at *3 (S.D.N.Y. Sept. 6, 2012). Because the FLSA "require[s] that a complaint state more than vague legal conclusions to survive a Fed. R. Civ. P. 12(b)(6) motion," Plaintiffs must allege facts sufficient to render plausible their claims that they were not adequately compensated for time worked. *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc. (Nakahata I)*, No. 10-CV-2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (citing *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 547 (S.D.N.Y. 2009); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2008)).

According to numerous district courts within the Second Circuit, to meet this standard, "[a]t a minimum, [a complaint alleging violation of the FLSA] must set forth the approximate number of unpaid regular hours and overtime hours allegedly worked." *Nakahata I*, 2011 WL 321186, at *4; *accord Zhong*, 498 F. Supp. 2d at 628 ("[W]here the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received."); *Acosta v. Yale Club of N.Y.C.*, No. 94-CV-888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) ("Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of Section [207] of the FLSA."); *see also James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) (failure to include any facts beyond stating period of time during which no overtime was paid was insufficient to survive motion to dismiss, as complaint did not specify positions in which plaintiff worked, whether they were exempt, and number of overtime hours

---

[3] The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" to include "an activity of a public agency." 29 U.S.C. § 203(s)(1)(C).

worked without compensation); *Smith v. Mastercraft Decorators, Inc.*, No. 09-CV-579, 2011 WL 5191755, at *3 (W.D.N.Y. Oct. 31, 2011) (sole factual allegation of working overtime – that "Plaintiff routinely worked *in excess* of forty (40) hours per week" (emphasis in original complaint) – was insufficient to survive motion to dismiss, as plaintiff "assert[ed] no approximation of the hours that she worked, indeed, she ma[de] no attempt at such an approximation"); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y 2011) (allegations that plaintiffs "'regularly' worked hours 'in excess of forty' hours per week" insufficient to state a claim); *Beaulieu v. Vermont*, No. 10-CV-32, 2010 WL 3632460, at *5 (D. Vt. Aug. 5, 2010) (complaint stated a claim where each plaintiff "provided, to his or her best estimate, the average number of weekly overtime hours worked" over the relevant time period).

Other courts have noted that "[w]hile often useful, such approximations are not absolutely necessary," *Williams v. Skyline Automotive Inc.*, No. 11-CV-4123, 2011 WL 5529820, at *2 (S.D.N.Y. Nov. 14, 2011); in their absence, however, *some* other factual grounds supporting the claims are required, *see id.* ("If a complaint pleads factual content that allows the court to draw the reasonable inference that the defendant unlawfully denied the plaintiff overtime wages, and the allegations give the defendant fair notice of plaintiff's claim and the grounds upon which it rests, the complaint is not subject to dismissal simply because it fails to approximate the number of overtime hours worked.") (footnotes and internal quotation marks omitted); *Nichols*, 608 F. Supp. 2d at 547 (general allegation that "on average, [plaintiffs] worked over forty hours per week" was sufficient because complaint also "specified the approximate time period [plaintiffs] were employed . . . and the approximate number of overtime hours they each worked per week without receiving overtime pay"). Even alleging the

6

approximate number of hours does not necessarily render a claim plausible. *See Nakahata II*, 2012 WL 3886555, at *4 (failure to allege "the actual date for even a single instance of unpaid work" contributed to the "allegations in many respects fall[ing] woefully short").

I find that the AC does not plausibly allege violations of 29 U.S.C. § 207(a) and (o). Plaintiffs' sole allegations relating to the FLSA violations are vague and wholly conclusory statements such as "Plaintiffs have worked in excess of forty hours per week," (AC ¶ 11), "Defendants have failed to provide Plaintiffs with the rights and protections provided under the FLSA," (*id.* ¶ 12), and other "[t]hreadbare recitals," *Iqbal*, 556 U.S. at 678, of failures to compensate Plaintiffs appropriately under the FLSA, (*see id.* ¶ 13), none of which provides sufficient factual content to allow the court to draw the reasonable inference that Defendants unlawfully denied Plaintiffs FLSA-required compensation, *see Williams*, 2011 WL 5529820, at *2.[4] Not only have Plaintiffs failed to allege the approximate number of uncompensated overtime hours that each Plaintiff worked, but they have also failed to allege any other factual content sufficient to support an FLSA claim. Specifically, Plaintiffs have not alleged the approximate time periods for which each Plaintiff was employed, their pay, or whether any or all of them at any time held positions that were exempt under the FLSA. *See, e.g., Nakahata I*, 2011 WL 321186, at *3-4 (relying in part on the failure to allege "any specific facts about the plaintiffs' employment, such as their dates of employment, pay, or positions" in dismissing the complaint); *Nichols*, 608 F. Supp. 2d at 547 (relying in part on allegations of approximate period

---

[4] Plaintiffs allege that they are "unable to state at this time the exact amount owing to each Plaintiff" because "[t]he employment and work records for the Plaintiffs are in the exclusive possession, custody and control of Defendants." (AC ¶ 24.) While Defendants "may have the exact records necessary to ultimately prove [Plaintiffs' claims]," this does not allow Plaintiffs to shirk their pleading obligations; indeed, Plaintiffs themselves "should know approximately how many hours they worked per week and their hourly rate or weekly wages." *DeSilva*, 770 F. Supp. 2d at 510. And, as *Iqbal* makes clear, a plausible claim must come *before* discovery, not the other way around. *See Iqbal*, 556 U.S. at 678-79.

7

of employment in denying a motion to dismiss); *see also James*, 849 F. Supp. 2d at 321 (relying in part on the failure to allege positions worked or whether those were exempt in dismissing the complaint); *Eng v. Argsoft Consultants, Inc.*, No. 11-CV-2180, 2011 WL 4936951, at *2 (S.D.N.Y. Oct. 17, 2011) (allegations of approximate number of daily hours as well as type of work and length of employment were sufficient to state a claim).[5]

Accordingly, the AC must be dismissed for failure to plausibly state a claim.

## III. Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Broadstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

At a pre-motion conference held on December 16, 2011, Defendants sought leave to file a motion to dismiss. Based on the issues raised at that conference, including that the original complaint was unclear as to which of the named Plaintiffs were claiming which alleged FLSA violation, I gave Plaintiffs a chance to amend their pleadings, and specifically noted the need for

---

[5] The aforementioned failures are particularly detrimental to the plausibility of the factual allegations in the AC given that there are 33 named Plaintiffs, and eight different respects in which Defendants allegedly violated the FLSA. There are no facts in the AC rendering it plausible that the generalized allegations uniformly apply to each of the 33 named Plaintiffs. *Cf. Williams*, 2011 WL 5529820, at *2 (noting that the allegations in *Nakahata I*, that "multiple defendants permitted a diverse group of plaintiffs to perform uncompensated work during breaks or after hours," were insufficient because they failed "to identify which entity, among the many named defendants, employed the respective plaintiffs") (internal quotation marks omitted).

individualized allegations.[6] Plaintiff's failure to fix deficiencies in its previous pleading alone is sufficient ground to deny leave to amend *sua sponte*. *See In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (internal quotation marks omitted); *see also Ruotolo*, 514 F.3d at 191 (affirming denial of leave to amend "given the previous opportunities to amend"). Further, Plaintiffs have not requested leave to file a Second Amended Complaint. And, their failure to include additional facts in the AC after the potential issue was identified at the pre-motion conference suggests they are not in possession of any such facts or are unwilling to provide them. Accordingly, I decline to grant Plaintiffs leave to amend *sua sponte*. *See, e.g., Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (no error in failing to grant leave to amend where it was not sought); *Walton v. Morgan Stanley & Co.*, 623 F.2d 796, 799 n.7 (2d Cir. 1980) ("[A]ppellants never sought leave to amend their complaint either in the district court or as an alternative form of relief in this court after [appellee] raised the issue of the sufficiency of appellants' complaint. Accordingly, we see no reason to grant such leave *sua sponte*.").

---

[6] In addition, Defendants' pre-motion conference request letter, (Doc. 4), cited case law regarding the need to provide an approximation of the number of unpaid overtime hours. Thus, Plaintiffs were on notice of this defect in their original complaint when amending it.

9

## IV. Conclusion

For the reasons above, Defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 11), and close the case.

**SO ORDERED.**

Dated: October 25, 2012
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

10